## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## NORTHERN DIVISION

**TERENCE TRUITT**,

                            *Plaintiff,*

*v.*                                                    CAUSE NO. 3:23-CV-3103-CWR-LGI

**PNK VICKSBURG, LLC D/B/A
AMERISTAR CASINO HOTEL
VICSKBURG,**

                            *Defendant.*

## ORDER

Before the Court is Defendant's motion to partially dismiss Plaintiff's first amended complaint. Docket No. 13. This matter has been fully briefed and is ready for adjudication. Upon review, Defendant's motion will be denied.

## I.    Factual and Procedural History

On November 17, 2023, Plaintiff Terence Truitt filed suit against Defendant PNK Vicksburg, LLC d/b/a Ameristar Casino Hotel Vicksburg alleging violations of the Family and Medical Leave Act of 1993 ("FMLA") and Title VII of the Civil Rights Act of 1964 ("Title VII"). Docket No. 1. Plaintiff amended his complaint on January 3, 2024. Docket No. 8. The following recitation is drawn from Plaintiff's amended complaint.

Plaintiff's allegations stem from his employment at the Ameristar Casino Hotel in Vicksburg, Mississippi. *Id.* ¶ 8. On October 14, 2022, Dr. Ralph Vance, Plaintiff's gastroenterologist, recommended that Plaintiff be allowed to take intermittent FMLA leave for flare ups related to a severe medical condition. *Id.* ¶ 9. Around November 15, Plaintiff

informed Human Resources that he planned to undergo surgery in January 2023 and would need one to two months of FMLA leave to recover. *Id.* ¶ 12. On December 27, Plaintiff received a letter from Sedgwick[1] approving his request to take FMLA leave from January 30, 2023, to March 1, 2023, subject to "the submission and confirmation of the Certificate of Health Care Provider and your leave being designated as FMLA." *Id.* ¶¶ 13-14.

On January 3, 2023, Plaintiff was called into a meeting with Human Resources and various managers. *Id.* ¶ 15. He was informed that he, Garrett Miles, Terry Liggins, and Constance Ousley had been accused of receiving a tip from a casino guest and were therefore suspended. *Id.* ¶¶ 16-17. Later that day, Plaintiff had a phone call with Mr. Liggins and Ms. Ousley. *Id.* ¶ 35. During this call, both Mr. Liggins and Ms. Ousley admitted to receiving money in their napkins. *Id.* ¶¶ 36-37. Plaintiff further alleges that Ms. Ousley bragged about receiving money from the napkin and called him stupid for throwing his napkin away before retrieving the money. *Id.* ¶ 37.

On January 12, Plaintiff, Mr. Miles, and Mr. Liggins were terminated. *Id.* ¶ 18. Ms. Ousley was allowed to return to employment. *Id.* ¶ 19. Plaintiff was replaced by Sonyia Nabors. *Id.* ¶ 22.

Plaintiff filed a charge of sex discrimination with the Equal Employment Opportunity Commission ("EEOC") and Defendant responded. *Id.* ¶¶ 21-22. Defendant's position statement alleged that Plaintiff was terminated after an investigation revealed he, Mr. Miles, and Mr. Liggins violated company policy by pocketing tips given to them instead of dropping

---

[1] Plaintiff's amended complaint does not explain who Sedgwick is. It appears that Sedgwick refers to Sedgwick Claims Management Services. *See* Sedgwick, https://www.sedgwick.com/about-us/ (last visited Sept. 3, 2024).

them into the appropriate box to be pooled. *Id.* ¶ 23. It also stated that surveillance footage showed a guest handing Plaintiff, Mr. Miles, and Mr. Liggins napkins with money, which they placed into their pockets. *Id.* ¶¶ 23, 26. As it relates to Ms. Ousley, Defendant stated that surveillance footage captured the guest handing Ms. Ousley a napkin and beer bottle which Ms. Ousley deposited into the trash. *Id.* ¶ 34.

Plaintiff subsequently filed this suit alleging retaliation in violation of the FMLA and sex discrimination under Title VII. Defendant now moves to dismiss Plaintiff's FMLA retaliation claim.

## II.    Legal Standard

A defendant may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When considering a Rule 12(b)(6) motion to dismiss, the Court must accept the plaintiff's factual allegations as true and make reasonable inferences in the plaintiff's favor. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The complaint "must contain a short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* at 677-78 (quotation marks and citation omitted). Additionally, the plaintiff's claims must be plausible on their face, which means there is "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (quotation marks and citation omitted). Though the Court is required to accept "all well-pled facts as true," it need not accept "threadbare recitals of the elements of a cause of action; conclusory statements; and naked assertions devoid of further factual enhancement." *Johnson v. Harris Cnty.*, 83 F.4th 941, 945 (5th Cir. 2023) (quotation omitted).

**III.     Discussion**

Defendant argues Plaintiff's FMLA retaliation claim should be dismissed because Plaintiff "fails to provide [Defendant] fair notice of the challenged 'retaliatory acts' mentioned in support of the claim." Docket No. 14 at 4. It adds that the FMLA violation section of Plaintiff's amended complaint "simply re-alleges all preceding facts—an overwhelming majority of which relate only to his sex discrimination claim—to purportedly claim damages for 'Defendant's retaliatory acts.'" *Id.*

Plaintiff responds that he "is not required to allege a prima facie case." Docket No. 15 at 1. Instead, he states he "has specifically alleged that he engaged in protected activity by requesting FMLA leave and was later terminated in retaliation for seeking that leave." *Id.* at 3.

Defendant replies that regardless of whether Plaintiff must plead a prima facie case, he "is required 'to plead sufficient facts on all of the ultimate events of [an employment discrimination claim] to make his case plausible." Docket No. 16 at 3 (citing *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 470 (5th Cir. 2016)). It adds that the time between Plaintiff's request for FMLA leave and termination does not support a causal connection under Fifth Circuit precedent on temporal proximity. *Id.* at 4.

**A. Substantive Law**

To prove FMLA retaliation, the employee must demonstrate: 1) he was protected under the FMLA; 2) he suffered an adverse employment action; 3) he was treated less favorably than an employee who had not requested leave under the FMLA or the adverse decision was made because he sought protection under the FMLA.

4

*Acker v. Gen. Motors, L.L.C.*, 854 F.3d 784, 790 (5th Cir. 2017) (quotation marks and citation omitted). "The third element requires the employee to show 'there is a causal link' between the FMLA-protected activity and the adverse action." *Id.*

**B.  Plaintiff has plausibly alleged that he engaged in protected activity.**

Defendant appears to argue that Plaintiff did not engage in an activity protected by the FMLA simply because he "requested FMLA leave, his doctor submitted the required medical forms, and Plaintiff was approved for FMLA leave." Docket No. 16 at 6-7. To the extent that Defendant argues Plaintiff did not plausibly allege a protected activity, the Court disagrees.

Pursuant to the FMLA, an "eligible employee of a covered employer has the right to take unpaid leave for a period of up to 12 workweeks in any 12-month period when that employee has a 'serious health condition that makes [him or her] unable to perform the functions of [his or her] position.'" *Campos v. Steves & Sons, Inc.*, 10 F.4th 515, 526 (5th Cir. 2021) (quoting 29 U.S.C. § 2612(a)(1)(D)).

Here, Plaintiff has alleged that he requested FMLA leave pursuant to a serious health condition and that he was approved for such leave. Accordingly, viewing the facts and drawing inferences in his favor, Plaintiff has plausibly alleged that he engaged in FMLA protected activity.

**C.  Plaintiff has plausibly alleged a causal connection between the protected activity and his termination.**

Plaintiff argues that the causal connection can be satisfied by viewing the time between his request to take FMLA leave and his termination. The Court of Appeals has reasoned that courts "shall consider the 'temporal proximity' between the FMLA leave, and

the termination. The Supreme Court has acknowledged that when the temporal proximity is 'very close,' proximity alone suffices to establish causation in a prima facie case of retaliation." *Besser v. Texas Gen. Land Off.*, 834 F. App'x 876, 884 (5th Cir. 2020). While the Fifth Circuit has noted some "tension" in determining when temporal proximity, standing alone, is sufficient to support an inference of causation, "a time lapse of up to four months has been found sufficient to satisfy the causal connection." *Id.* (quoting *Evans v. City of Hous.*, 246 F.3d 344, 354 (5th Cir. 2001)).[2]

Accepting Plaintiff's allegations as true, his FMLA protected activity occurred on November 15, 2022, when he informed Human Resources of his need for FMLA leave. *See* 29 U.S.C. § 2612(e)(2). Plaintiff was then terminated almost two months later, on January 12, 2023. Viewing the facts in Plaintiff's favor, the time between his protected activity and subsequent termination, falls within the time frame previously deemed sufficient to suggest a causal connection. *See Richard v. Cingular Wireless LLC*, 233 F. App'x 334, 338 (5th Cir. 2007) (allowing a two and one-half month span to establish inference of causation in Title VII case). The claim should proceed into discovery.

## IV.    Conclusion

Defendant's motion to partially dismiss Plaintiff's amended complaint is denied.

**SO ORDERED**, this the 4th day of September, 2024.

---

[2] In its reply, Defendant argues that the Fifth Circuit disavowed *Evans* in *Besser*. Docket No. 16 at 5-6. In that case, the Fifth Circuit said *Evans* "is not binding, or even persuasive, precedent that two and one-half months is sufficient to satisfy the causal connection for summary judgment purposes." *Besser*, 834 F. App'x at 884. Viewing this reasoning in context, the Court is not persuaded that any difference matters here, as the time between Plaintiff's protected activity and firing was less than two and one-half months. *See Feist v. La. Dep't of Just.*, 730 F.3d 450, 454 (5th Cir. 2013) (citing *Evans*); *see also Moore v. Jackson Pub. Sch. Dist.*, No. 3:23-CV-3092-CWR-LGI, 2024 WL 3687098, at *6 (S.D. Miss. Aug. 6, 2024) (citing *Evans* to support causal connection element in Plaintiff's claim).

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE